**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BOBBY FRANKLIN MCREYNOLDS,                                          PLAINTIFF
ADC #088361

V.                                  5:18CV00107-JM-JTK

TANISHA HARRIS, et al.,                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.     Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

1

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

### I.    Introduction

Plaintiff McReynolds, a state inmate confined at the Randall Williams Correctional Facility of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging Defendant Harris improperly opened his legal mail and that several of the Defendants interfered with his access to the grievance process.  Plaintiff asks for monetary and injunctive relief from Defendants.

### II.    Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke   v. Williams, 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).   In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972).   The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless.   Denton v. Hernandez, 504 U.S. 25, 32 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).   But regardless whether a plaintiff is represented or appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), citing Twombly, 550 U.S. at 570.   A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   Id. at 556.   The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.   Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

## III.    Facts and Analysis

Plaintiff complains that Defendant Harris opened an envelope addressed to him, outside of his presence, from the United States District Court, Western District of Arkansas. (Doc. No. 1, p.3)   He also alleges that when he tried to file a grievance about the issue, Harris and the

grievance supervisor convinced him to sign a document that voided the grievance. (Id.)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right.   Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).   However, Plaintiff's allegation about the improper opening of his "legal mail" does not state an actionable constitutional claim.   Case law provides that an inmate's privileged mail – mail to or from an inmate's attorney -- may not be opened for inspection outside the presence of the inmate. Wolff v. McDonnelll, 418 U.S. 539, 574, 576-77 (1974). See also Jensen v. Klecker, 648 F.2d 1179, 1182 (8th Cir. 1981).    In Harrod v. Halford, the court held that "the mere fact that a letter comes from a legal source is insufficient to indicate that it is confidential and requires special treatment," and found it permissible for a correctional facility to open letters not properly marked as "confidential." 773 F.2d 234, 236 (8th Cir. 1985). In this particular case, Plaintiff identifies the opened mail as a copy of an order from the United States District Court, Western Division. (Doc. No. 1, p. 5)   However, privileged legal mail is defined as "mail to or from an inmate's attorney and identified as such." Gardner v. Howard 109 F.3d 427, at 430 (8th Cir. 1997).   Mail to and from a court does not fall under this narrow definition of privileged legal mail and, therefore, may be opened outside of the inmate's presence. See Moore v. Rowley, Case No. 04–1981, 2005 WL 677800 (8th Cir. Mar. 24, 2005) (unpublished opinion) (holding that a prisoner had no constitutional right to have his bankruptcy petition mailed without being inspected first); Martin v. Brewer, 830 F.2d 76, 78 (7th Cir. 1987) (court documents are not privileged legal mail because they are "public documents" available in the court's files.

4

Even if the Court found that the mail was constitutionally protected, Plaintiff's allegation that Defendant Harris opened it on the one occasion does not support a constitutional claim for relief.   An "isolated incident, without any evidence of improper motive or resulting interference with [the inmates] right to counsel or access to the courts, does not give rise to a constitutional violation." Gardner v. Howard, 109 F.3d 427, 430-41 (8th Cir. 1997). And, Plaintiff does not allege any injury as a result of the action. "To state a valid § 1983 claim due to interference with an inmate's legal mail, an inmate must allege that a defendant's deliberate and malicious interference actually impeded her access to the court or prejudiced an existing action." Turner v. Ms. Douglas, No. 1:06CV00058JLH/HLJ, 2007 WL 87628 *2 (E.D.Ark.)   In this case, Plaintiff attaches exhibits which show that after Harris allegedly opened the mail, she contacted the Court and asked them to re-send the Order to Plaintiff. (Doc. No. 1, p. 8)   In addition, the case at issue remains open[1] and there is no allegation of an injury to the case as a result of Defendant Harris's actions. See Lewis v. Casey, 518 U.S. 343, 351 (1996).

Plaintiff's additional allegation that Defendants tried to interfere with the grievance process also fails to support a constitutional claim for relief.   A "[prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates....it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), quoting Azeez v. DeRobertis, 568 F.Supp. 8, 10 (N.D.Ill. 1982).

**IV.    Conclusion**

---

[1]  McReynolds v. Glenn, 4:16-cv-04122-SOH-BAB (W.D.Ark.)

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED for failure to state a claim.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 1st day of May, 2018.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.